IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| NOEL KEITH HARRIS and ) | Case No. 10-61610 |
| DEEDEE KYE HARRIS, ) | |
| ) | |
| Debtors. ) | |
| _____ | |
| IN RE: ) | |
| ) | |
| TIMOTHY JOSEPH WILLIAMS and ) | Case No. 10-62781 |
| ANNA RENA WILLIAMS, ) | |
| ) | |
| Debtors. ) | |

## ORDER GRANTING TRUSTEE'S MOTION TO COMPEL TURNOVER

The issue in these two otherwise unrelated cases concerns whether certain components of the Debtors' income tax refunds are an asset of their bankruptcy estate to be prorated in the same fashion as other income tax refunds. The components of the refunds involved are the child tax credit ("CTC"), the earned-income tax credit ("EITC"), and the making work pay tax credit ("MWPTC").

The Bankruptcy Appellate Panel for the Eighth Circuit has held that the refundable portion of the CTC represents a refund of tax paid by a taxpayer, and is therefore an asset of that taxpayer's bankruptcy estate.[1] That is because, although the right to such refund cannot be determined until the end of the taxable year, there is a

---

[1] *In re Law,* 336 B.R. 780 (B.A.P. 8th Cir. 2006).

contingent right to such refund throughout the year, to the extent a debtor with dependent children has had taxes withheld from wages. In so holding, the BAP held that the refundable portion of the CTC should be treated in the same fashion for exemption purposes as the EITC, which is also an asset of the bankruptcy estate.[2]

The MWPTC was included in the American Recovery and Reinvestment Act of 2009, and provides a tax credit based on earned income. For those workers whose taxes are withheld from their paychecks, and whose income is below certain levels, the MWPTC provides an adjustment in the withholding tables. As with the CTC, to the extent a taxpayer overpays during the year, and takes the credit on that year's tax return, such taxpayer is entitled to a refund of amounts which have been paid to the taxing authority by or on behalf of that taxpayer. Thus, as with the CTC and the EITC, any portion of the refund attributable to the MWPTC is an asset of the estate.

As a result, as with garden variety tax refunds attributable to overpayment of tax during the year, the pro rata portion of the CTC, EITC, and MWPTC is an asset of the estate, and no Missouri statute permits debtors to claim an exemption in such refunds *per se*.[3] Accordingly, the Trustees's motions to compel turnover of the refunds are GRANTED as to the pro rata portion of the income tax refunds, including

---

[2] *Id.* at 781.

[3] *In re Benn*, 491 F.3d 811 (8th Cir. 2007).

those attributable to the CTC, EITC, and MWPTC.

    IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: 6/2/2011

Attorney for movant to serve parties not receiving electronic notice